## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Alejandro Duarte, | § | |
| v. | § | |
| NewRez LLC d/b/a Shellpoint Mortgage | § | Case No. 3:21-cv-32 |
| Servicing and Beverly Mitrisin as substitute | § | |
| trustee in foreclosure | § | |

## DEFENDANT SHELLPOINT'S REMOVAL NOTICE

Shellpoint Mortgage Servicing LLC (**Shellpoint**) removes the action Alejandro Duarte filed in state court to this court pursuant to 28 U.S.C. §§ 1332 and 1441.

### I.        STATEMENT OF THE CASE

On January 29, 2021, Mr. Duarte filed suit the County Court at Law 6 in El Paso county, Texas in the case styled *Alejandro Duarte v. NewRez d/b/a Shellpoint Mortgage Servicing and Beverly Mitrisin as substitute trustee in foreclosure, LLC* and assigned cause number 2021DCV0310. (*See* EX. 1, original pet. and request for temp. rest. order.).  Mr. Duarte sues to prevent Shellpoint from foreclosing on property located at 5752 Aladdin, El Paso county, Texas, which was scheduled for February 2, 2021.  He complains entitlement to an accounting relating to mortgage payments and NewRez had no standing to foreclose on the property.  (*See id*. at ¶¶ 15-20.).

Based on these allegations, Mr. Duarte merely names causes of action, generally, as: (**1**) demand for accounting and (**2**) no legal standing to conduct non-judicial foreclosure.  (*See id*.). He requests temporary restraining order, injunctive relief, and attorney fees and costs.  (*See id*. at section VII.).

### II.       BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

A.      **The parties are citizens of different states.**

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  The real parties in interest are diverse.  Mr. Duarte is a citizen of Texas because he resides in El Paso County.  *See id.* at ¶ 1;  *See also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

Shellpoint is a citizen of Delaware and New York.  Shellpoint Mortgage Servicing is an assumed name of NewRez LLC, a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  NewRez LLC has one member: Shellpoint Partners LLC.  Shellpoint Partners LLC has two members: NRM Acquisition LLC and NRM Acquisition II LLC.  NRM Acquisition LLC and NRM Acquisition II LLC each have one member: New Residential Mortgage LLC.  New Residential Mortgage LLC has one member: New Residential Investment Corp.  A corporation is a citizen of every state by which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *MidCap Media Fin.*, 929 F.3d at 314.  New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York.

Complete diversity of citizenship exists between Mr. Duarte and Shellpoint pursuant to 28 U.S.C. § 1332(a).

1.   **The substitute trustee is a nominal party.**

Mr. Duarte sues Beverly Mitrisin, as substitute trustee solely in her capacity as trustee and alleges she is a resident of Texas.  (*See id.* at ¶ 3.).  Even if the substitute trustee is a citizen of Texas,

her presence in this suit does not destroy diversity jurisdiction because she is improperly joined or a nominal party.

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted). "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cty. Bd. Of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991). A "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (court found there was no reasonable basis for predicting plaintiff's claims against substitute trustees would be successful in state court because only the rights of the banks were in dispute); *see also Eisenberg v. Deutsche Bank Tr. Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) (finding substitute trustees named solely in that capacity were nominal parties to a suit to enjoin foreclosure, and noting that section 51.007(e) of the Texas Property Code expressly provides that dismissal of trustees does not prejudice a plaintiff's right to seek injunctive relief).

The substitute trustee is a nominal party in this case.  Mr. Duarte neither alleges the substitute trustee committed any act or omission upon which a claim of damages may be maintained, nor that the substitute trustee has, or claims to have, any interest in the note, security instrument or property which will be affected by the injunctive relief he requests.  Texas law recognizes a trustee named solely in the capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure.  *See Eisenberg*, 2011 WL 2636135 at *4 (holding substitute trustee "is not a necessary party for Plaintiff to obtain the injunctive relief he seeks" preventing a foreclosure sale).  Because the substitute trustee is a nominal party, her presence in this suit cannot defeat diversity.  *See Corfield*, 355 F.3d at 857 ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

## 2. The substitute trustee is improperly joined.

Even if the court determines the substitute trustee is more than a nominal party, her citizenship should be disregarded because she has been improperly joined.  *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003) (defendant may also argue a plaintiff has improperly joined a non-diverse defendant for purposes of defeating diversity jurisdiction).  Akin to the nominal party test, the defendant can make this showing by demonstrating the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  To make that determination, "[t]he court may conduct a Fed. R. Civ. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see McDonald v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005) ("A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type

analysis"). A defendant establishes improper joinder by showing there is arguably no reasonable basis for predicting the plaintiff might be able to recover against a non-diverse defendant. *Smallwood*, 385 F.3d at 573. This showing is made either when the plaintiff's recovery against the non-diverse defendant is barred as a matter of law, or when the plaintiff would not produce sufficient evidence to sustain a finding necessary to recover against the non-diverse defendant. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). The required "reasonable basis" exists only if there is a "factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). A "reasonable basis" is not merely a hypothetical one. *Id.*

The Property Code provides a substitute trustee is entitled to qualified immunity for any error made in good faith reliance upon information provided by the mortgagee or the mortgagee's agents or attorneys. *See* § 51.007(f). In order to state a claim against the substitute trustee, Mr. Duarte is required to plead substantive facts alleging a claim of bad faith against the substitute trustee. *See Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) (holding that where plaintiff "does not provide any allegations that [substitute trustee] was acting in bad faith, [he] has no reasonable basis for recovery."); *see also R & L Inv. Prop., LLC v. Green*, No. 3:12–CV–4171–O, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee.").

Mr. Duarte does not identify any facts capable of supporting a conclusion he might be able to recover against the substitute trustee. Not only does he fail to identify a single cause of action against the substitute trustee, the only vague and conclusory facts he alleges fail to attribute any acts,

omissions or other wrongful conduct to the substitute trustee to prevail on *any* cause of action or obtain *any* relief. There is no reasonable basis to conclude he may recover against Beverly Mitrisin.

**B.      The amount in controversy exceeds $75,000.**

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. *See* 28 U.S.C. § 1446(c)(2).

If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if the defendant shows "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

The object of this litigation, 5752 Aladdin Ave., Houston, Texas, is valued at in excess of the jurisdictional limit.  (*See* ex. 6, McInnis decl.; ex.-9-A, Zillow's $187,911 valuation; ex. 9-B, Trulia's $168,461 valuation; ex. 9-C, Realtor.com's $126,000 valuation.) *See, e.g.*, *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. H-18-0724, 2018 WL 4033785, *3 (S.D. Tex. Aug. 23, 2018) (finding § 1332's amount in controversy requirement met given the property's current $290,091 valuation where the plaintiffs sought to enjoin its foreclosure and invalidate defendants' lien).  Even if the El Paso appraisal district's $73,750 valuation (ex. 9-D) were controlling, Mr. Duarte seeks damages which place the amount in controversy over the jurisdictional minimum.  (*See* pet. ¶ 25-30).  The court may consider these in determining the amount in controversy.  *See Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8–9 (N.D. Tex. 2008) (finding it facially apparent the plaintiff's claims more likely than not exceeded section 1332's jurisdictional minimum where no dollar amount was specified by considering the claims and damages pleaded and their statutory caps).

### III.    PROCEDURAL REQUIREMENTS SATISFIED

Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of defendant's receipt of the petition, through service or otherwise.  The consent of the substitute trustee is not necessary because not a real parties in interest.  *See Eisenberg*, 2011 WL 2636135, at *2 ("Nominal parties are not required to consent to removal under the unanimity rule") (citing *Acosta*, 452 F.3d at 379)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).  Venue is proper in this court because the United States District Court for the Southern District of Texas embraces the place in which the state court action was pending.  28 U.S.C. § 1441(a).  Notice has been sent to the state court regarding this removal.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as exhibits 1-5.

## IV.    CONCLUSION

The parties are completely diverse and the amount in controversy exceeds $75,000.  This court may exercise diversity jurisdiction over this action.

Date: February 11, 2021

Respectfully submitted,

 *s/ Walter McInnis*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
Walter McInnis, SBN 24046394
  --*Attorney in Charge*
walter.mcinnis@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR SHELLPOINT**

**CERTIFICATE OF SERVICE**

I certify I served this document on February 11, 2021 as follows:

**Via Certified Mail / RRR**
Omar Maynez
Maynez Law, LLC
2426 Montana Ave.
El Paso, Texas 79936
mail@maynezlaw.com
*Attorney for Plaintiff*

*/s/ Walter McInnis*
Walter McInnis